UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 938 |
| | ) | |
| vs. | ) | Judge St. Eve |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| J.L. MOORE, Star 6312, | ) | Jury Demand |
| HARRY STRONG, Star 20366, | ) | |
| SARGENT ELVIN BOONE, Star 1964, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers ELVIN BOONE, J.L. MOORE and HARRY STRONG are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about May 6, 2008, at approximately 11:00 a.m., Plaintiff KIM CURRY was putting clothes in the washing machine in the basement of her house at 8332 South Essex in Chicago.

9. Plaintiff's son's friend, Jajuan Wright, was upstairs.

10. At that time, Defendant-Officers J.L. MOORE and HARRY STRONG came to Plaintiff's front door. No one answered the door.

11. After putting the clothes in the washing machine and feeding her dog, a German Shepard named Timberland, Plaintiff went upstairs and opened the back door to let her dog outside into her back yard.

12. Plaintiff heard a voice say, "Hell no!"

13. Plaintiff then saw MOORE and STRONG running through her yard. STRONG jumped over the chain-link fence; MOORE ran around to the walkway on the side of Plaintiff's house.

14. Plaintiff's dog ran after MOORE.

15. Because MOORE and STRONG were dressed in plain clothes and were not wearing badges, Plaintiff did not know that the two men were police officers.

16. Plaintiff heard at least six gunshots.

17. Defendant-Officer MOORE approached Plaintiff. Plaintiff noticed that he had blood on his arm.

18. Plaintiff asked if he had shot her dog.

19. MOORE didn't reply.

20. Plaintiff became hysterical, because she thought that the Defendant-Officers had shot her dog.

21. Plaintiff went to the front door of her home. She yelled out the window at the Defendant-Officers.

22. Plaintiff went outside and had a verbal confrontation with Defendant-Officer STRONG.

23. Plaintiff's stepfather and sister brought Plaintiff back in the house.

24. Plaintiff's stepfather told the Defendant-Officers to call a sergeant to discuss the incident with Plaintiff's dog.

25. Thereafter, Defendant-Sargent ELVIN BOONE arrived at Plaintiff's house.

26. BOONE came inside and asked Plaintiff if she had hit one of the Defendant-Officers.

27. Plaintiff told BOONE that she did not hit any one and that the Defendant-Officers had just shot her dog.

28. BOONE told Plaintiff that if she hit an officer she would be taken to jail.

29. Plaintiff walked towards the back of her house.

30. BOONE and STRONG followed Plaintiff and grabbed her arms.

31. BOONE twisted Plaintiff's arm behind her back.

32. Plaintiff told BOONE and STRONG that they were hurting her.

33. BOONE and STRONG handcuffed Plaintiff.

34. Plaintiff was seized and was not free to leave.

35. Defendant-Officers walked Plaintiff through her home.

36. Defendant-Officers took Plaintiff outside.

37. Two female officers arrived and transported Plaintiff to the police station on 103rd Street.

38. From the station, Plaintiff was taken in a squadrol to another station at 111th Street, where she remained for approximately two hours.

39. Plaintiff later learned that Defendant-Officers had come to her house looking for Plaintiff's cousin Breon Meeks, for whom they had an arrest warrant.

40. Meeks did not live at Plaintiff's address.

41. Plaintiff was charged with battery. The case was docketed in the Cook County Circuit Court as: <u>People v. Kim Curry</u>, 08-218243.

42. The charges were false.

43. While at 103rd Street station, BOONE and MOORE apologized to Plaintiff for shooting her dog.

44. BOONE told Plaintiff that if he had been there at the time, her dog would not have been shot. He also told Plaintiff that MOORE claimed that the dog had grabbed him by the knee and he was forced to defend himself.

45. Plaintiff did not observe any injury to MOORE's leg or damage to his jeans.

46. Plaintiff told the officers that her dog was not trying to attack, but that he had just been frightened by the presence of strangers in his backyard, and that this was not reason enough to shoot and kill him.

47. BOONE offered to get Plaintiff another puppy. Plaintiff declined this offer.

48. On May 8, 2008, Plaintiff and Jajuan Wright each made a complaint with the Independent Police Review Authority. The complaint was assigned Log Number 1016313.

49. Plaintiff received treatment at South Shore Hospital for the injuries the Defendant-Officers caused when they twisted her arms and placed her in handcuffs.

50. Plaintiff was diagnosed with swelling and a contusion to her arm.

51. Plaintiff's battery case was dismissed on June 19, 2008, when Defendant-Officer STRONG did not appear in court.

52. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

53. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, emotional distress, pecuniary damages including medical expenses, and the loss of her dog.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

54. Plaintiff realleges paragraphs 1 through 53 as if fully set forth herein.

55. Defendant-Officers BOONE and STRONG seized Plaintiff.

56. Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

57. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers BOONE and STRONG,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

58. Plaintiff realleges paragraphs 1 through 53 as if fully set forth herein.

59. Defendant-Officers placed Plaintiff under arrest.

60. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

61. The arrest of Plaintiff without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers BOONE and STRONG,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

62. Plaintiff realleges paragraphs 1 through 53 as if fully set forth herein.

63. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers BOONE and STRONG,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

64. Plaintiff realleges paragraphs 1 through 53 as if fully set forth herein.

65. While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

66. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers BOONE and STRONG,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – Unreasonable Seizure of Property)

67. Plaintiff realleges paragraphs 1 through 53 as if fully set forth herein.

68. Defendant-Officers seized and killed Plaintiff's dog without legal justification.

69. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the unreasonable seizure of her property.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer MOORE,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Battery)

70. Plaintiff realleges paragraphs 1 through 53 as if fully set forth herein.

71. Defendant-Officers breached that duty.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer STRONG,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law Claim for False Arrest)

72. Plaintiff realleges paragraphs 1 through 53 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officer STRONG,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (State Law *Respondeat Superior* Claim)

73. The acts of the Defendant-Officers described in the state law claims specified above were willful and wanton, and committed in the scope of employment.

74. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IX
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

75. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

76. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

        Respectfully submitted,

        /s/ Adele D. Nicholas
        *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Daniel P. Kiss
Louis J. Meyer
Adele D. Nicholas
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595